WILLIAM T. HASKINS *vs.* PROVIDENCE WASHINGTON INSURANCE COMPANY.

PROVIDENCE—MAY 19, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1)  *Amendment.   Dismissal of Action.   New Trial.*

Where, after sustaining a formal demurrer, plaintiff was granted leave to amend his declaration, and, failing to do so within the time limited, the action was dismissed, a new trial will be refused.

ASSUMPSIT.   Heard on petition of plaintiff for new trial, and denied.

PER CURIAM.   It appears from the docket entry, as well as by inspection of the pleadings in the case, that the word "substantial" applied to the demurrer, on the wrapper, was a mere clerical error.   The demurrer was merely formal in the intent of the judiciary act now embodied in the General Laws, and the Common Pleas Division had jurisdiction to dispose of the issue raised and to direct the plaintiff to amend within the limited time.   The order was not obeyed and the action was properly dismissed.   We see no error in these proceedings.

(1)   The requirements of section 3 and 4 of chapter 235 of the General Laws were complied with when, instead of entering judgment for the defendant upon the demurrer, the court permitted the plaintiff to amend his declaration, if he should choose to do so.   The statute never contemplated that an imperfect declaration should stand indefinitely as a menace to a defendant who had not waived his right to object to it by pleading, but who had pointed out the error by demurrer.

The earliest case in which our statute of amendments, then found in Digest 1844, p. 131, was construed, was *Ellis, Admr., v. Appleby,* 4 R. I. 462, in which the opinion was written by Ames, C. J.   The court there sustained a merely formal demurrer, to wit: that the plaintiff's replication concluded with a verification, and ordered the plaintiff to amend his replication by concluding the same to the country.   To the same effect are *Brown* v. *Foster*, 6 R. I. 564, 579; *Tripp* v. *Duffy*, 10 R. I. 264.

The petition for a new trial is denied, and the cause remitted to the Common Pleas Division with directions to enter judgment for the defendant.

*Harrison A. McKenney and George T. Brown,* for plaintiff.
*Edwards & Angell,* for defendant.